**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ALBY WU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF COLUMBUS, OHIO, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:24-cv-03783<br><br>Judge Edmund A. Sargus, Jr.<br><br>Magistrate Judge Kimberly A. Jolson |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants City of Columbus ("the City") and Zachary B. Rosen (collectively "Defendants") in accordance with 28 U.S.C. §1441 and 1446, properly removed this case to federal court. In response, Plaintiff has filed a motion to remand the case back to the Franklin County Court of Common Pleas. MOTION TO REMAND (R.6 #51-57). Defendants respond to Plaintiff's motion to remand as follows.

Defendants have no desire to defend federal claims that do not exist and have no objection to this case being remanded to the Franklin County Court of Common Pleas so long as Plaintiff first dismisses her apparent federal claims. But this removal was objectively reasonable as Defendants have every right to defend federal claims in federal court. And despite Plaintiff's statements to the contrary, federal question jurisdiction exists as a plain reading of the Complaint reveals that federal claims were included in this lawsuit. The alternative means that Plaintiff bypassed viable legal theories to instead bring claims that fail as a matter of law.

## A. PLAINTIFF CAN ONLY BRING A VIABLE CLAIM AGAINST THE CITY UNDER FEDERAL LAW

Plaintiff included the City as a defendant in this case. Plaintiff can raise a federal municipal-liability claim against the City under 42 U.S.C. § 1983 if she establishes some underlying federal violation and then demonstrates that the alleged federal violation occurred because of a municipal policy or custom. *See Thornton v. Columbus*, 727 Fed. App'x 829, 838 (6th Cir. 2018); *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). However, any attempt to sue the City for malicious prosecution under a state-law tort theory is barred by Ohio's Political Subdivision Tort Liability Act. As this Court ruled in *King v. City of Columbus*, 2019 U.S. Dist. LEXIS 59274, *12-14, 2019 WL 1508279, to determine whether a political subdivision is immune, courts utilize a three-step analysis. Ohio Rev. Code § 2744; *Baker v. Wayne Cty.*, 147 Ohio St.3d 51, 53-54, 2016-Ohio-1566, 60 N. E. 3d 1214, ¶ 18.

First, the Court must determine whether the statute applies. Section 2744.02 grants presumptive tort immunity to a political subdivision facing claims of any "injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code Ann. § 2744.02(A)(1). The City is a political subdivision of Ohio, and Plaintiff's complaint alleges conduct by an employee of the City in furtherance of a governmental function. Plaintiff seeks to recover damages for injury…and loss to person or property allegedly caused by a City employee. Therefore, section 2744.02(A)(1) applies and grants presumptive immunity to the City against any state-law claim.

Second, the Court must determine whether an exception applies. Section 2744.02(B) lists five statutory exceptions, any of which, if applicable, deny the political subdivision presumptive immunity. Those five exceptions apply to: (1) claims involving the negligent operation of a motor

vehicle; (2) claims involving conduct by subdivision employees performing proprietary functions; (3) claims related to an alleged disrepair or obstruction of a public road; (4) claims involving a plaintiff's loss on the grounds of a public building; and (5) claims involving civil liability expressly imposed upon the subdivision by another provision of the Ohio Revised Code. See Ohio Rev. Code § 2744.02(B). None of these exceptions apply.

Because no exception applies, the Court would not need to address the third step: whether the City could raise any additional defenses to preclude any exceptions that applied under section 2744.02(B). Therefore, because Ohio's Political Subdivision Tort Liability Act applies, the City would be immune to any of Plaintiff's state-law claims.

In her motion to remand, Plaintiff states,

> The short Notice of Removal rests only on the outright false assertion that "[f]ederal subject matter jurisdiction exists in this action by virtue of 42 U.S.C. § 1983 as the Complaint contains a so-called *Monell* claim for municipal liability brought against both the City of Columbus and Officer Rosen, in his official capacity." (Notice of Removal, ECF No. 1, PageID # 1.) Not only is it untrue that this action was only asserted against Rosen in his "official capacity," but the Complaint never asserts "42 U.S.C. § 1983" or a "so-called *Monell* claim." Wu's Complaint says nothing about holding a municipality responsible for a policy or custom that inflicted injury upon her.

MOTION TO REMAND at p. 3 (R.6 #53).

Defendants did not make any "false assertion." Defendants reasonably assumed that Plaintiff brought a claim against the City under 42 U.S.C. § 1983 instead of bringing an Ohio state-law tort claim that must be immediately dismissed due to political subdivision immunity. If that assumption was incorrect, Defendants invite Plaintiff to voluntarily dismiss the City from this lawsuit as there is no proper legal basis to proceed against the City under a state-law tort theory. If Plaintiff fails to dismiss the City as requested, Defendants retain their belief that Plaintiff is

proceeding under 42 U.S.C. § 1983 as that is her only viable legal theory to pursue a malicious prosecution claim against the City.

### B.  PLAINTIFF CAN ONLY RECOVER ATTORNEY'S FEES AGAINST THE CITY UNDER FEDERAL LAW

The Complaint's prayer for relief "requests that the Court grant her judgment, ***jointly and severally, against the Defendants*** on all counts as follows…***attorney's fees***…as to all counts at the current statutory rate…" Complaint at pp. 9-10 (R.3) (emphasis added). While attorney's fees can be awarded against the City for a violation of Plaintiff's federal rights under the fee shifting provision of 42 U.S.C. § 1988, Plaintiff is barred from recovering attorney's fees against the City under an Ohio state-law tort theory. *See Henry v. City of Akron*, 27 Ohio App.3d 369, 371 (9th Dist. 1985). "A plaintiff is entitled to attorney fees only where punitive damages are awarded. Since punitive damages are inappropriate against a municipal tortfeasor, absent statutory authorization, it follows that attorney fees also may not be awarded unless authorized." (Internal citations omitted.) *Id.*

As this Court has previously stated, "Ohio state law prohibits the award of punitive damages against a municipality or political subdivision for claims under state law. Ohio Rev. Code § 2744.05(A). This statute is merely the codification of the long-standing common law in this and nearly every other state." *Burr v. Burns*, 2005 U.S. Dist. LEXIS 39188, *31-32, 2005 WL 1969532 citing *Spires v. City of Lancaster*, 28 Ohio St. 3d 76, 78, 28 Ohio B. 173, 502 N.E.2d 614 (1986). Thus, Plaintiff's attempts to recover attorney's fees makes it reasonably apparent that she is actually pursuing a federal civil rights claim against the City brought pursuant to 42 U.S.C. § 1983. Defendants invite Plaintiff to voluntarily dismiss this category of damages if she does not want to pursue federal claims. If Plaintiff fails to do so, Defendants retain their belief that Plaintiff is

proceeding under federal law as § 1988 is her only viable legal theory to pursue attorney's fees against the City.

### C. PLAINTIFF'S DECISION TO SUE DETECTIVE ROSEN IN HIS OFFICIAL CAPACITY SUGGESTS THAT SHE IS PROCEEDING UNDER FEDERAL LAW

Plaintiff has named Detective Rosen as a Defendant in both his individual and official capacities. COMPLAINT at ¶ 3 (R.3). This strongly suggests that Plaintiff is pursuing a federal municipal-liability claim against the City under 42 U.S.C. § 1983. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citing *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985)). Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e. g., Scheuer v. Rhodes*, 416 U.S. 232, 237-238 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon*, 469 U.S., at 471-472.

Based on the foregoing, Defendants reasonably assumed that Plaintiff was suing the City pursuant to a *Monell* theory. If that was not Plaintiff's intention, and Plaintiff was instead attempting to assert official capacity state-law tort claims, then the City is entitled to dismissal of those claims under Ohio's Political Subdivision Tort Liability Act as discussed above. If this is the case, Defendants invite Plaintiff to voluntarily dismiss her "official capacity" claims as there is no proper legal basis to proceed against the City under a state-law tort theory. If Plaintiff fails to do so, Defendants retain their belief that Plaintiff is proceeding under 42 U.S.C. § 1983.

**D.    CONCLUSION**

For the reasons stated above, Plaintiff's motion should be denied.

Respectfully submitted,

/s/ Westley M. Phillips
Westley M. Phillips (0077728) – LEAD
Alana V. Tanoury (0092265)
Sarah N. Feldkamp (0099464)
Assistant City Attorneys
CITY OF COLUMBUS, DEPARTMENT OF LAW
ZACH KLEIN, CITY ATTORNEY
77 N. Front Street, Columbus, Ohio 43215
(614) 645-7385 / (614) 645-6949 (fax)
wmphillips@columbus.gov
avtanoury@columbus.gov
snfeldkamp@columbus.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on **August 15, 2024**, I electronically filed the foregoing with the Court using the Court's CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

/s/ Westley M. Phillips
Westley M. Phillips (0077728)